1
2
3
4
5
6
7            UNITED STATES DISTRICT COURT
8           NORTHERN DISTRICT OF CALIFORNIA
9
10   VINCENT ROSENBALM,                    No. C 06-7237 SI (pr)
11             Petitioner,                 **ORDER OF DISMISSAL**
12        v.
13   CAPTAIN PEARCE; BILL LOCKYER,
     Attorney General,
14
              Respondents.
15   _____/
16
17        Vincent Rosenbalm filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.
18   He was housed at the Mendocino County Jail when he filed this action, but is now housed at
19   Napa State Hospital.  His petition is now before the court for review pursuant to 28 U.S.C.
20   §2243 and Rule 4 of the Rules Governing Section 2254 Cases.
21        At the time he filed his petition in this action, Rosenbalm was a pretrial detainee.  In his
22   petition, he complained about numerous problems connected to his criminal prosecution: he had
23   not received a replacement lawyer after he fired the public defender assigned to represent him
24   about three weeks before he filed this action, he had inadequate access to the law library, he
25   lacked witnesses, he was subjected to an illegal search and seizure on September 20, 2006, the
26   trial court had failed to answer his petitions for writs filed in the two months before this action
27   was filed, the trial court failed to grant a change of venue, and the trial judge failed to recognize
28   his right to fire her.

United States District Court
For the Northern District of California

1    This court may entertain a petition for a writ of habeas corpus under 28 U.S.C. §

2    2241(c)(3) by a person who is in custody but not yet convicted or sentenced. <u>See</u> <u>McNeely v.</u>

3    <u>Blanas</u>, 336 F.3d 822, 824 n.1 (9th Cir. 2003); <u>Application of Floyd</u>, 413 F. Supp. 574, 576 (D.

4    Nev. 1976).  Although there is no exhaustion requirement for a petition brought under 28 U.S.C.

5    § 2241(c)(3), principles of federalism and comity require that this court abstain until all state

6    criminal proceedings are completed and the petitioner exhausts available judicial state remedies,

7    unless special circumstances warranting federal intervention prior to a state criminal trial can be

8    found.  <u>See</u> <u>Carden v. Montana</u>, 626 F.2d 82, 83-84 & n.1 (9th Cir.), <u>cert. denied</u>, 449 U.S. 1014

9    (1980); <u>see also</u> <u>Younger v. Harris</u>, 401 U.S. 37, 43-54 (1971) (under principles of comity and

10   federalism, a federal court should not interfere with ongoing state criminal proceedings by

11   granting injunctive or declaratory relief absent extraordinary circumstances).  The special

12   circumstances that might warrant federal habeas intervention before trial include proven

13   harassment, bad faith prosecutions and other extraordinary circumstances where irreparable

14   injury can be shown.  <u>Carden</u>, 626 F.2d at 84 (violation of speedy trial right not alone an

15   extraordinary circumstance).  Rosenbalm's repeated allegations about the state courts' refusal to

16   respond to him appear at first blush to present potential special circumstances.  However,

17   examining the chronology of events shows that the alleged slow service does not amount to a

18   special circumstance.  On September 26, 2006, Rosenbalm was arrested, booked and released

19   with directions to return to court in mid-October.  He apparently was arrested again on October

20   18 and arraigned on October 23, 2006, and may have been in custody since then, although he

21   stated in his petition that he had bailed out of jail on October 31, 2006 (but was back in jail when

22   he filed this petition two weeks later).  The fact that only a matter of weeks passed between his

23   arraignment and the November 15, 2006 filing of his federal petition puts his numerous

24   complaints about slow service by the state courts into perspective and leads this court to

25   conclude that there has not been a delay of sufficient magnitude to constitute a special

26   circumstance warranting federal intervention in the criminal case against Rosenbalm.

27   Rosenbalm was peppering the state courts with filings -- he may have filed as many as 12 state

28   habeas petitions -- much as he has done in this court with his nine separate federal actions and

2

**United States District Court**
For the Northern District of California

1  numerous letters filed since November 2006.  Because Rosenbalm has not shown special

2  circumstances that warrant federal intervention before the trial is held and any appeal is

3  completed, this court will abstain and DISMISS the petition without prejudice.  See id. at 84.

4  The alleged problems that Rosenbalm claims he is enduring are matters that can and should be

5  addressed in the first instance by the trial court, and then by the state appellate courts, before he

6  seeks a federal writ of habeas corpus.

7          The dismissal of this action is without prejudice to Rosenbalm filing a new habeas

8  petition, but he should not file a new federal petition for writ of habeas corpus unless he gets

9  convicted or committed and then not until his direct appeal and state habeas proceedings have

10  concluded and he has given the state's highest court a fair opportunity to rule on each of his

11  claims.

12          The in forma pauperis application is DENIED because he has sufficient funds to pay the

13  filing fee.  (Docket # 2.)   The motion for appointment of counsel is DENIED as moot in light

14  of the dismissal of this action.  (Docket # 8.)

15          The clerk shall close the file.

16          IT IS SO ORDERED.

17  DATED: March 21, 2007

                                        _____
18                                          SUSAN ILLSTON
                                         United States District Judge

19

20

21

22

23

24

25

26

27

28